**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No. 8:24-cr-150-TPB-TGW

LIDER GEOVANNY DELGADO,

Defendant.
___________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Lider Geovanny Delgado's motion for compassionate release, filed *pro se* on February 17, 2026. (Docs. 107; 108). On March 11, 2026, the Government filed its response. (Doc. 113). On April 13, 2026, Defendant filed an unauthorized reply. (Doc. 116). After reviewing the motion, response, unauthorized reply, case file, and the record, the Court finds as follows:

On December 20, 2024, the Court sentenced Defendant to 84 months' imprisonment after he pleaded guilty to one count of conspiracy with intent to distribute five kilograms or more of a substance or mixture containing a detectable amount of cocaine. Defendant had been a crewmember on a vessel apprehended by the United States Coast Guard Cutter Munro approximately 100 nautical miles south of Cocos Island, Costa Rica. The Coast Guard boarding team seized 71 bales containing over 2,000 kilograms of cocaine onboard the vessel.

In his motion, Defendant requests that the Court modify or reduce his

sentence to release him from federal prison. Specifically, Defendant relies on an alleged "substantial" sentencing disparity with a co-defendant and family circumstances, including his parents' alleged incapacitation and Defendant's status as their only available caregiver. He offers that if released, he will self-deport from the United States. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence.[1]

[1] In USSG § 1B1.13, the Sentencing Commission identifies circumstances that may constitute "extraordinary and compelling reasons" for compassionate release, including: (1) certain medical circumstances of the defendant, such as a terminal illness, a serious medical condition that substantially diminishes the defendant's ability to provide self-care, or a medical condition requiring long-term or specialized care that is not being provided; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment; (3) certain family circumstances; (4) the defendant was a victim of

The claims asserted by Defendant do not satisfy the criteria of Section 1B1.13(b). For instance, although Defendant claims that his parents are struggling in his absence and that his father has diabetes and is "incapacitated" as a result, Defendant does not explain the nature of his father's health condition with enough specificity to determine whether his father is truly incapacitated, nor does he explain how his mother is unable to care for his father or herself. In addition, although Defendant claims to be the only available caregiver, his sentencing memorandum reflects that Defendant has seven siblings, and he has failed to provide any information regarding why one of his seven siblings could not care for his parents.

As to Defendant's claim of a "significant" sentencing disparity between Defendant and his co-defendant, his claim lacks factual support. One of Defendant's co-defendants received the very same sentence that he did – 84 months. The other co-defendant received a sentence of 72 months imprisonment. There is nothing extraordinary or compelling about this modest difference in sentences.

Defendant's claim that President Trump's push to remove undocumented individuals from the United States is an extraordinary and compelling circumstance is not persuasive and does not warrant further discussion.

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case. Defendant was convicted of a

---

certain abuse while in custody; and (5) other circumstances, or a combination of circumstances, similar in gravity to those described above.

serious drug offense involving over 2,000 kilograms of cocaine intended for distribution in the United States. Given the seriousness of Defendant's crime, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE