IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

JAIME ENRIQUE ESPINAL VELIZ,

Petitioner.

v.

Case No. 8:24-cr-150-TPB-TGW

UNITED STATES OF AMERICA,

Respondent.

SEP 4 2026 PM2:00 FILED - USDC - FLMD - TPA

PETITIONER'S MOTION REQUESTING A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

Comes now the petitioner Jaime Enrique Espinal Veliz (herein after referred to as "petitioner"), proceeding pro-se, in the above captioned matter, respectfully moving this Honorable Court for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

After exhausting administrative remedies, petitioner shows that extraordinary and compelling reasons warrant relief, and that a sentence reduction is consistent with applicable law, policy, and the factors set forth in 18 U.S.C. § 3553(a).

In any event, the following is offered for the Court's review and consideration.

## I. Background

The petitioner was placed in federal custody on March 23, 2024,

and charged with committing the following offense:

- Conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a) and § 70506(a) & (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

On February 21, 2025, petitioner appeared before the Honorable Judge, Judge Barber, who imposed sentence. At the sentencing hearing, the Court, imposed a sentence of 72 months and a term of supervision of 1 year.

With the exception of this instant motion, the petitioner reports no pending motions in court.

## II. Legal Framework

A district court may reduce a sentence under § 3582(c)(1)(A) only if extraordinary and compelling reasons exist, the reduction is consistent with applicable policy statements, and the § 3553(a) factors support relief. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13 United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023 § 1B1.13(b) lists the following extraordinary and compelling reasons: (1) Medical circumstances, (2) Age, (3) Family circumstances, (4) Victim of

abuse, (5) Other reasons, and (6) Unusually long sentence.

The petitioner here will focus on number (3) Family circumstances and number (5) Other reasons.

(i) Exhaustion of Administrative Remedies

By seeking relief from the Court, a defendant must first submit a request to the facility's Warden where he is housed to move for a sentence reduction on his behalf and then either exhaust his administrative remedies or wait 30 days from the Warden's receipt of his request, United States v. Smith, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020). (Please see attached copy of request, Exhibit 1).

After 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, the defendant may then move the court himself for such a reduction.

This petitioner submitted a request to the Warden on February 12, 2026, the 30 days have elapsed and neither the Warden nor the BOP have filed a motion on behalf of the petitioner.

Therefore, this petitioner has satisfied the exhaustion requirement of § 3582(c)(1)(A).

## III. Extraordinary and Compelling Reasons

A. MINIMAL PARTICIPATION AND RELATIVE CULPABILITY

Petitioner's conduct places him at or near the lowest tier of culpability in maritime trafficking cases akin to minimal participant for guideline purposes. The Sentencing Guidelines define a minimal participant as one who is "plainly among the least culpable of those

involved in the conduct of group," and a minor participant as "less culpable than most other participants." U.S.S.G. § 3B1.2(a), (b) & cmt. 11(A).

Although petitioner may not have received a formal role adjustment at sentencing, the underlying facts that he served only as a mariner performing basic tasks.

The Eleventh Circuit has repeatedly recognized that in MDLEA cases, mariners are considered low-level laborers who exercise only duties over mechanical maintenance and lack complete authority over the criminal enterprise. See United States v. de Varon, 175 F.3d 930, 940-41 (11th Cir. 1999) (en banc) (defendant held accountable only for relevant conduct should be considered for role reduction by comparing his role based on actual conduct for which held accountable).

Here, petitioner:

- Had no ownership interest in the drugs or vessel;
- Did not recruit others or plan the voyage;
- Did not select the route, destination, or quantity of drugs;
- Exercised no control over payment or logistics;
- Followed instructions from the captain of the vessel and from unknown higher-level organizers.

Mariner and simple transporters, such as this petitioner, are typically the least culpable participants in high seas trafficking operations, analogous to couriers. Indeed, in the sentencing guidelines context, a courier may qualify for a mitigating role where he does not recruit, manage, or supervise others and lacks broader

knowledge of the enterprise. See U.S.S.G. § 3B1.2 cmt. 3(A).

The mitigating role exists precisely because the Guidelines recognize that some participants are plainly less culpable than the average participant in trafficking offenses and warrant lower offense levels. Although such adjustments were not applied in petitioner's sentencing, the underlying rationale highlights the relative non-seriousness of petitioner's role compared to organizers and leaders.

The Eleventh Circuit precedent has established that defendants like petitioner should be considered as having a very low-ranking role. United States v. Gruezo, 66 F.4th 1284 (11th Cir. 2023).

B. SUBSEQUENT GUIDELINE AMENDMENTS REINFORCE PETITIONER'S MINIMAL CULPABILITY.

In 2025, the United States Sentencing Commission adopted amendments modifying the mitigating role provisions of § 2D1.1 to establish a mitigating role cap and broaden application of § 3B1.2 in trafficking cases.

While these amendments are not retroactive, it reflects the Commission's recognition - consistent with Eleventh Circuit precedent - that defendant's like petitioner are subsequently less culpable than the Guidelines previously accounted for.

This evolution in sentencing policy and national consensus underscores that petitioner's sentence is significantly longer than what would apply under the modern guidelines for a minimal or minor participant. Although non-retroactive, courts may consider intervening changes in law and the evolving understanding of

culpability when determining whether a sentence is "greater than necessary" to accomplish sentencing goals under § 3553(a), especially where a defendant's role was near the baseline of criminal participation.

C. PETITIONER'S FAMILIAL CIRCUMSTANCES

Petitioner's family is in dire need of financial asistance (which is actually the reason petitioner got involved in this offense). His family in Ecuador are living way below ideal conditions.

Petitioner's mother, Sabina M. Veliz Mero, is 58 years old and work as a fast food worker for a street food vendor. Petitioner's father, Jaime H. Espinal Benitez, is 67 years old and is unfortunately unemployed, due to the fact that there are very little jobs available where he lives, and no jobs available for people his age.

Petitioner also has a younger brother Carlos Alberto Espinal Veliz, age 35, who has lived his whole life with a mental disability which impedes him from taking care of himself and having a employment. He is fully dependent on petitioner's parents.

Petitioner is also a father of two young girls, E.N.E.M. age 17 and S.J.E.M. age 13. Who live with their mother but need financial assistance to continue going to school. Especially petitioner's 17 year old who is about to graduate high school and go to university. His youngest daughter is also in need of a surgery to remove an adenoid.

As this court can see, petitioner's familial circumstances are

critical, to say the least. His family is in great need of him, as he is the only male provider able to work and help them.

D. REHABILITATION AND INSTITUTIONAL RECORD

As an initial matter, petitioner is currently assigned to Food Service for his job detail, he is responsible for waking up every morning at 4:00 AM (before the rest of the inmate population) to help prepare meals for over 1,500 inmates. It is a job that is only given to the most trust worthy inmates, as it requires a high level of responsibility, which is to help feed so many people.

Despite petitioner's lack of command of the English Language, the petitioner has nevertheless enrolled and currently on the waiting list for several educational courses, including courses in the following departments: Education, Psychology, Religious Services, Recreation and the Medical Department.

The petitioner would also like to point the court's attention to the fact that he has lived a peaceful, entirely non-violent life in prison. He has not received a single incident report for a disciplinary infraction.

Hopefully all this can convey the petitioner's determination to his rehabilitation and self-improvement.

## IV. § 3553(a) Factors

In considering a reduction in sentence, the court, must consider if releasing the petitioner early will pose a danger to the community.

The petitioner would like to address whether he remains a danger

to the community if released early.

One of the many factors of the First Step Act, is the requirement that the BOP must evaluate every inmate (every 6 months), and determine the inmates' recidivism level [18 U.S.C. § 3632]. This petitioner has continuously been assessed by the BOP as a Low Risk inmate, which simply put, means that he is a low risk to re-offend.

Therefore, predicated on the Department of Justice's own assessment and evaluation of this petitioner, the BOP has determined he is not a danger or risk to re-offend.

Petitioner believes the court can conclude that the the 3553(a) factors weigh in favor of a sentence reduction. Combined with the aforementioned, these factors demonstrate that the original sentence is now greater than necessary to satisfy the purposes of sentencing given petitioner's minimal culpability, lack of leadership, and the changed sentencing landscape.

## V. Conclusion

For the foregoing reasons, the petitioner respectfully requests that this Honorable Court reduce his sentence to time served or a term significantly below his original 72-month sentence, consistent with 18 U.S.C. § 3582(c)(1)(A), the applicable policy statements, and the sentencing factors in § 3553(a).

Respectfully submitted this 31st day of August, 2026.

[signature]

Jaime Enrique Espinal Veliz
Reg. No. 08819-511
FCI Yazoo City Low II
P.O. Box 5000
Yazoo City, MS 39194

TRULINCS 08819511 - ESPINAL VELIZ, JAIME ENRIQ - Unit: YAM-E-C

---

FROM: 08819511
TO: Warden MED
SUBJECT: ***Request to Staff*** ESPINAL VELIZ, JAIME, Reg# 08819511, YAM-E-C
DATE: 02/12/2026 07:56:45 PM

To: Warden
Inmate Work Assignment: AM Kitchen

Dear Warden,

I trust this correspondence finds you well.
Warden, may this serve as a formal request to have you file on my behalf, a motion for a reduction in sentence pursuant to 18 U.S.C. subsection 3582(c)(1)(A). Since the date of my sentencing there have been intervening changes to law that would, if I were sentenced today, result in a less severe sentence, constituting extraordinary and compelling reasons. I believe that the sentencing factors of 18 U.S.C. subsection 3553(a) weigh in factor of such a reduction. Thank you in advance for your attention regarding this matter.

Clerk of the Court
U.S. District Court
For the Middle District of Florida

31 August 2026

RE: United States v. Espinal Veliz
Case No. 8:24-cr-00150-TPB-T_W-1
Motion pursuant to §3582(c)(1)(A)

Dear Clerk:

I hope this correspondence finds you well.

Please be advised that recently I asked for a courtesy copy of my docket sheet. The reason was to find out what the status of a motion that I had filed was. It was a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) which I mailed through the legal mail option at the institution I am currently at.

According to the docket sheet that motion was never filed. It does have docketed a motion under § 3582(c)(2) and Amendment 821 that was filed on March 23, 2026. I am not sure if one of my co-defendants filed such motion but I do not see the motion that I filed.

I wish to still file a motion under § 3582(c)(1)(A). There is a copy of said motion attached to this letter. Please have this Court file and interpret it as a motion requesting a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), more commonly known as a compassionate release motion.

I would like to thank you in advance for your attention regarding this important matter.

Respectfully,

Jaime Espinal V

Jaime E. Espinal Veliz
Reg. No. 08819-511
FCI Yazoo City Low II
P.O. Box 5000
Yazoo City, MS 39194