UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-150-TPB-TGW

JAMIE ENRIQUE ESPINAL VELIZ

**UNITED STATES' RESPONSE IN OPPOSITION TO ESPINAL VELIZ'S MOTION FOR COMPASSIONATE RELEASE**

The United States opposes Jamie Enrique Espinal Veliz's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because he fails to establish an extraordinary and compelling reason warranting relief. *See generally* Doc. 125. Espinal Veliz's reliance on his familial circumstances, a nonretroactive change in the guidelines, and his rehabilitation does not satisfy USSG §1B1.13(b), and, in any event, the 18 U.S.C. § 3553(a) factors do not support his early release from incarceration. For the reasons explained below, this Court should deny his motion.

## I. Background

In March 2024, a military aircraft saw a go-fast vessel approximately 100 nautical miles south of Cocos Island, Costa Rica. S-Doc. 60 at 18. A Coast Guard vessel approached and boarded the vessel for questioning. *Id*. None of the crewmembers made a claim of nationality for the vessel. *Id*. Thus, the Coast Guard treated it as a vessel without nationality and subject to the jurisdiction of the United States. *Id*. In total, the Coast Guard seized approximately 2,146 kilograms of cocaine. *Id*. at 19.

Espinal Veliz pleaded guilty with a plea agreement to conspiracy to possess with intent to distribute five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). Docs. 1, 60, 74, 81. In 2025, this Court sentenced Espinal Veliz to 72 months' imprisonment. Docs. 101, 102.

Espinal Veliz filed a compassionate release motion based on his desire to financially support his family, a guidelines amendment relating to role adjustments, and his rehabilitative efforts. *See generally* Doc. 125.

Espinal Veliz is incarcerated at FCI Yazoo City Low II in Yazoo City, Mississippi, is 38 years old, and is projected to be released on September 19, 2028. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on October 13, 2026).

## II. Memorandum of law

A district court has no inherent authority to modify a sentence; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One of those statutes is 18 U.S.C. § 3582(c)(1)(A), which permits a court to reduce a term of imprisonment if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. *Id.*; *see also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

The Sentencing Commission's applicable policy statement, set forth in USSG §1B1.13, defines "extraordinary and compelling reasons" for purposes of section 3582(c)(1)(A), and it is binding on the courts. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Under section 1B1.13, "extraordinary and compelling reasons" that may render a defendant eligible for a sentence reduction fit in the following categories: (1) medical circumstances of the defendant; (2) advanced age plus length of term already served; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years imprisonment and a change in the law would produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed. USSG §1B1.13(b)(1)–(6).

If the court finds that an extraordinary and compelling reason exists, it still may not reduce the defendant's term of imprisonment under section 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release. *Tinker*, 14 F.4th at 1237. If the defendant fails to establish any of the three requirements, the court need not analyze the other requirements and cannot grant relief. *See United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021).

The defendant, as movant, bears the burden of establishing entitlement to relief under section 3582. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (addressing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)). And the defendant must first "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it." *Harris*, 989 F.3d at 911 (internal quotation marks omitted).

## III. Espinal Veliz's compassionate release motion

### A. Exhaustion

Espinal Veliz sought a sentence reduction on February 12, 2026, and the Warden denied the application on February 19, 2026. *See* Doc. 125 at 3. More than 30 days passed from the BOP's receipt of Espinal Veliz's original application before he filed his motion in this Court, so this Court may consider the merits of Espinal Veliz's motion.

### B. Extraordinary and compelling circumstances

Here, Espinal Veliz requests a reduction of his sentence based on his family's financial circumstances, a nonretroactive amendment to the sentencing guidelines, and his rehabilitative efforts. *See generally* Doc. 125.

Espinal Veliz requests compassionate release due to his family circumstances. Doc. 125 at 6–7. The "Family Circumstances" provision of section 1B1.13 permits a sentence reduction due to the incapacitation of a family member when the defendant would be the only available caregiver. USSG §1B1.13(b)(3). While Espinal Veliz does allude to his family's health concerns—his younger brother has a mental disability, and his daughter requires surgery to remove an adenoid—his argument largely centers their financial straits and fails to show any incapacitation. Doc. 125 at 6–7. Indeed, Espinal Veliz requests a sentence reduction not to provide care, as contemplated by the guideline, but to provide financial support. *Id*. Financial hardship, however sympathetic, does not establish the extraordinary family circumstances. Moreover, to the extent that Espinal Veliz views himself as the only one who can provide financially for his family, he concedes that his mother is employed. *See* Doc. 125 at 6.

In any event, Espinal Veliz fails to demonstrate that he would be the only available caregiver in either a physical or a financial capacity. To obtain a sentence reduction based on the "only available caregiver" guideline provision, a defendant must "establish that no other likely caregiver is both (1) qualified and (2) free to provide care." *United States v. Robelo-Galo*, 166 F.4th 1311, 1315 (11th Cir. 2026). This fact-specific inquiry requires showing that an alternative caregiver "has the capacity to provide the incapacitated person with the care that the person needs" and that "no material constraint prevents [the alternative caregiver] from providing care." *Id*. Relief under this subsection "operates as a policy of last resort: It authorizes a

sentence reduction only when no other realistic caregiving option exists." *Id.*

Espinal Veliz's own account undermines any claim that he is the only available caregiver. He acknowledges that his parents care for his disabled brother and that his daughter lives with her mother. Doc. 125 at 6. He identifies no evidence that these existing caregivers are unable to provide the care his family members need, nor does he establish that any material constraint prevents them from doing so. Because he fails to establish the threshold requirements of section 1B1.13(b)(3), his family circumstances do not warrant compassionate release.

Alternatively, Espinal Veliz raises the catch-all provision of section 1B1.13(b)(5), which authorizes a sentence reduction when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." USSG §1B1.13(b)(5). Specifically, Espinal Veliz argues that the United States Sentencing Commission's recent amendment to the guidelines—Amendment 833—entitles him to compassionate release. Doc. 125 at 3–6. Amendment 833 broadened the application of the mitigating role adjustment for low-level drug traffickers, but it is not retroactive. *See* USSG App. C, Amend. 833 (2025). Subsection (b)(5) should not be interpreted to account for nonretroactive changes in the law when section 1B1.13(c) expressly excludes consideration of changes in law based solely on such an amendment. *See* USSG §1B1.13(c); *cf. Rutherford v. United States*, 146 S. Ct. 1320 (2026) (rejecting the use of nonretroactive changes in the law to establish eligibility

for compassionate relief under §1B1.13(b)(6)). Accordingly, Amendment 833 does not entitle Espinal Veliz to relief under USSG §1B1.13(b)(5).

Finally, Espinal Veliz seeks relief based on his rehabilitation and clean disciplinary record while in custody. Doc. 125 at 7. A defendant's rehabilitation is not, by itself, an extraordinary and compelling reason that may justify a sentence reduction. 28 U.S.C. § 994(t); USSG §1B1.13(d). A court may, however, consider a defendant's rehabilitation while serving his sentence in combination with other circumstances in determining whether and to what extent a reduction is warranted. USSG §1B1.13(d). As explained above, Espinal Veliz has not described another circumstance for this Court to consider alongside his rehabilitation. Accordingly, this Court should deny his request for compassionate release.

**C. The section 3553(a) factors independently preclude relief.**

Even if Espinal Veliz could establish extraordinary and compelling circumstances within the meaning of section 1B1.13, which he cannot, this Court still should not reduce his sentence because the applicable sentencing factors in section 3553(a) weigh against release.

Espinal Veliz tried to bring 2,146 kilograms of cocaine into the United States. S-Doc. 60 at 19. At sentencing, this Court imposed a sentence significantly below the guidelines based on Espinal Veliz's cooperative efforts. *See* S-Doc. 96 ¶ 67; *see also* Docs. 99, 102. Now, having served only a portion of his 72-month sentence—approximately two years and six months or just 43% of his full term and 50% of his statutory term—Espinal Veliz requests compassionate release. But reducing his

sentence at this stage would substantially diminish the punishment imposed for an offense of this magnitude and would undermine the sentence's deterrent effect; it would also inadequately reflect the seriousness of his conduct and the need to reinforce respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). Had Espinal Veliz and his coconspirators completed their mission, the introduction of 2,146 kilograms of cocaine would have taken a significant toll on the community. Given the significant amount of cocaine involved and the need for just punishment, Espinal Veliz should be required to serve the remainder of his sentence this Court imposed.

THEREFORE, this Court should deny Espinal Veliz's motion for compassionate release.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Jillian M. Jewell*
JILLIAN M. JEWELL
Assistant United States Attorney
Florida Bar No. 112974
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Email: jillian.jewell@usdoj.gov

**United States v. Espinal Veliz** **Case No. 8:24-cr-150-TPB-TGW**

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

Jamie Enrique Espinal Veliz
BOP Reg. No. 08819-511
FCI Yazoo City Low II
P.O. Box 5000
Yazoo City, MS 39194

*/s/ Jillian M. Jewell*
JILLIAN M. JEWELL
Assistant United States Attorney